UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBERT WILSON, CDCR #H-95157, on behalf of himself and others similarly situated,<br>　　　　　　　　　　Plaintiff,<br>v.<br>EDMUND G. BROWN, et al.,<br>　　　　　　　　　　Defendants. | Case No.: 05-cv-1774-BAS-MDD<br><br>**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE RE: MOTION TO DISMISS SECOND AMENDED COMPLAINT**<br><br>**[ECF No. 72]** |

　　　This Report and Recommendation is submitted to United States District Judge Cynthia A. Bashant pursuant to 28 U.S.C. § 636(b)(1)

1 and Local Civil Rule 72.1(c) of the United States District Court for the

2 Southern District of California.

3     For the reasons set forth herein, the Court **RECOMMENDS**

4 Respondent's Motion to Dismiss be **GRANTED** and Defendants

5 Montgomery, Brown and Beard be **DISMISSED**.

6 **I. PROCEDURAL HISTORY**

7     **A. Federal Proceedings**

8     The federal proceedings prior to Plaintiff filing the Second

9 Amended Complaint ("SAC") are contained within a Report and

10 Recommendation filed on January 30, 2015. (ECF No. 65).

11     On March 2, 2015, Plaintiff filed the SAC. (ECF No. 68). The

12 SAC sets forth four claims against Defendants: (1) a claim for money

13 damages against Defendants Garcia, Dupler and Irvin; (2) a class

14 claim for injunctive relief against Defendants Montgomery, Brown and

15 Beard; (3) a claim for money damages against Defendants Garcia,

16 Dupler and Irvin; and (4) a claim for declaratory relief and for fees and

17 costs against Defendants Garcia, Dupler and Irvin. *Id.* at 15-21.

18 Plaintiff served Defendants Montgomery, Brown and Beard on June

19

25, 2014.  (ECF Nos. 53, 54, 55).  Plaintiff has not served Defendants Garcia, Dupler or Irvin.[1]

On April 6, 2015, Defendants Montgomery, Brown and Beard filed a Motion to Dismiss the SAC on the second and only claim against them: a class action claim alleging they violated the Eighth Amendment by subjecting the health and welfare of African-American inmates at Calipatria State Prison ("CSP") to the risk of Coccidioidomycosis ("valley fever") infection.  (ECF No. 72 at 17-18).  Defendants do not move to dismiss claims one, three and four.  *Id.* at 15, 18, 19; (ECF No. 72-1 at 2).  Defendants' Motion asserts three grounds for dismissal of Plaintiff's second claim: (1) lack of standing to seek injunctive relief; (2) failure to state a claim upon which injunctive relief may be granted; and (3) preclusion of the claim by the *Plata v. Brown* class action pending in the Northern District of California. (ECF No. 72-1 at 5, 6, 8). On April 27, 2015, Plaintiff filed a Response

---

[1] Because Plaintiff failed to serve Defendants Garcia, Dupler or Irvin pursuant to FED. R. CIV. P. 4(m), the Court **RECOMMENDS** the District Judge issue an Order to Show Cause re: dismissal for failure to prosecute.

1  in Opposition. (ECF No. 73). On May 4, 2015, Defendants filed a
2  Reply. (ECF No. 75).

3  **II. STATEMENT OF FACTS**

4      The SAC is the operative complaint. (ECF No. 68). The SAC
5  names six Defendants: (1) Edmund G. Brown, Governor of California;
6  (2) Jeffery Beard, Secretary of the California Department of
7  Corrections and Rehabilitation ("CDCR"); (3) Warren Montgomery,
8  acting warden of CSP; (4) Rosie Garcia, former warden at CSP; (5) P.J.
9  Dupler, Chief Medical Officer at CSP; and (6) Irvin, Medical Technical
10 Assistant. *Id.* at 2-3.

11     Plaintiff's first claim alleges Defendants Garcia, Dupler and Irvin
12 individually participated in exposing him to valley fever and failed to
13 provide adequate medical care. *Id.* at 15. Plaintiff contends these
14 Defendants consciously disregarded the risk of valley fever infection at
15 CSP, failed to provide adequate medical care and failed to implement
16 preventative or remedial measures. *Id.* Plaintiff alleges Defendants'
17 action unnecessarily exposed him and other African-American inmates
18 at CSP to valley fever and seeks monetary damages. *Id.* at 15-17.
19

1    Plaintiff's second claim alleges a class claim for injunctive relief
2 against Defendants Montgomery, Brown and Beard. *Id*. at 17.
3 Plaintiff alleges these Defendants are responsible for the operation of
4 CSP through their official positions and policy-making authority. *Id*.
5 Plaintiff seeks the following injunctive relief:

> (1) [N]otification of inmates at [CSP] of the presence; sign and symptoms; and potential consequences of Valley Fever so they may be able to protect themselves from infection, or in the event of infection, have the means to seek early medical treatment to prevent disseminated [valley fever]; (2) implementation of appropriate preventative measures to protect inmates from exposure []; and (3) such other and further relief as this Court deems just and proper.

11 *Id*. at 18.

12    Plaintiff's third claim alleges Defendants Garcia, Dupler and
13 Irvin negligently failed to operate and maintain a safe and habitable
14 prison facility and seeks monetary damages. *Id*.
15    Plaintiff's fourth claim alleges Defendants Garcia, Dupler and
16 Irvin owed him a custodial duty of care and breached this duty by
17 negligently failing to protect Plaintiff from a known harm—valley
18 fever. *Id*. at 19. Plaintiff seeks declaratory relief as well as fees and
19 costs. *Id*. at 20-21.

5

05-cv-1774-BAS-MDD

1 ### III. LEGAL STANDARD

2     "Whether [a court] construes Defendants' motion as one under
3 Rule 12(b)(6) or as a facial attack on subject matter jurisdiction under
4 Rule 12(b)(1), all factual allegations in [Plaintiff's] complaint are taken
5 as true and all reasonable inferences are drawn in his favor." *Pride v.*
6 *Correa*, 719 F.3d 1130, 1133 (9th Cir. 2013) (citing *Knievel v. ESPN*, 393
7 F.3d 1068, 1072 (9th Cir. 2005); *Doe v. Holy See*, 557 F.3d 1066, 1073
8 (9th Cir. 2009)). District courts have discretion to dismiss parts of a
9 plaintiff's complaint which are addressed by another pending class
10 action. *Id.* To determine whether a plaintiff's action is duplicative, a
11 court must consider the relief sought in other pending class actions. *Id.*
12 "A district court may properly dismiss an individual complaint because
13 the complainant is a member in a class action seeking the *same relief.*"
14 *Id.* (internal citations and quotations omitted) (emphasis in *Pride*).

15 ### IV. DISCUSSION

16 #### A. Preclusion

17     This Court finds the *Plata v. Brown* action precludes Plaintiff's
18 class claim because Plaintiff's proposed class and requested relief is
19

narrower than that sought in *Plata* and therefore does not reach Defendants' other grounds for dismissal.

### 1. Class Membership

A class action is a representative suit brought on behalf of groups of persons similarly situated as the named plaintiff but who may or may not be parties to the action. *See generally* FED. R. CIV. P. 23. "In a class action, [absent] class members [are those] who are not named parties to the litigation [but] are nevertheless bound by any judgment in the action." *Crawford v. Honig*, 37 F.3d 485, 487 (9th Cir. 1994). An absent class member in a (b)(1) or (b)(2) action is neither entitled to opt-out of class membership nor notice of the pending action. *Wal-Mart Stores, Inc. v. Dukes*, 131 S.Ct. 2541, 2557 (2011).

A (b)(1) class action protects the rights of defendants where:

> Prosecuting separate actions by or against individual class members [which] would create a risk of:
>
> > (a) inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class; or
> >
> > (b) adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not

1     parties to the individual adjudications or would
2     substantially impair or impede their ability to protect their interests.

3  FED. R. CIV. P. 23(b)(1).

4      A (b)(2) action furthers judicial efficiency by avoiding concurrent

5  litigation regarding the same course of conduct where:

6     The party opposing the class has acted or refused to act on
7     grounds that apply generally to the class, so that final
      injunctive relief or corresponding declaratory relief is
      appropriate respecting the class as a whole.

8

9  FED. R. CIV. P. 23(b)(2).

10      *Plata v. Brown*, Case No. 3:01-cv-01351-TEH (N.D. Cal. Apr. 5,

11  2001) was filed as a class action under FED. R. CIV. P. 23(b)(1) and

12  (b)(2). (Case No. 3:01-cv-01351 ECF No. 20 at 52). The *Plata* class is

13  defined as: "all prisoners who are now, or will in the future be, under

14  the custody of the CDC[R] but excluding any prisoners confined at

15  Pelican Bay State Prison." (Case No. 3:01-cv-01351 ECF No. 20 at 52,

16  ECF No. 68 at 5). Plaintiff's class definition is narrower; it consists of

17  all African-American inmates who contracted valley fever while

18  incarcerated at CSP, a CDCR facility, between 1997 and the present.

19  (Case No. 3:05-cv-01774 ECF No. 68 at 5, 8-9). *Plata*'s class definition

1  encompasses *all* CDCR inmates and therefore includes Plaintiff's class
2  of African-American inmates at CSP.  *See Pride*, 719 F.3d at 1134
3  (citing *Plata* Stip. ¶ 8); *see also* (Case No. 3:01-cv-01351 ECF No. 68 ¶¶
4  7, 8).

5        Plaintiff is not a named party in the *Plata* action and is therefore
6  considered an absent class member because he may still be bound by a
7  final judgment in the *Plata* action.  The *only* exception to the *Plata* class
8  is Pelican Bay inmates.  *Id.*  Plaintiff and the proposed class members
9  are not incarcerated at Pelican Bay and therefore do not fall within
10 *Plata*'s exception.  (Case No. 3:05-cv-01774 ECF No. 68 at 8-9).

11       Additionally, the *Plata* class definition includes all *future* CDCR
12 inmates.  (Case No. 3:01-cv-01351 ECF No. 20 at 52).  *Plata* was filed in
13 August 2001 and Plaintiff's Complaint was filed in 2005.  (Case No.
14 3:01-cv-01351 ECF 20 at 1; Case No. 3:05-cv-01774 ECF No. 1 at 1, 5).
15 Plaintiff never opted-out of class membership in the *Plata* action.  *Wal-*
16 *Mart*, 131 S.Ct. at 2257 (stating absent class members in (b)(1)/(b)(2)
17 actions are not permitted to opt-out).  The class Plaintiff seeks to
18 represent is included in the *Plata* class and is therefore duplicative of
19 the *Plata* class.

### 2. Class Relief

"The *Plata* class seeks systemic reform of medical care in the California prisons for inmates with serious medical needs." *Pride*, 719 F.3d at 1136; (Case No. 3:01-cv-01351 ECF No. 20 at 65). "Defendants [in *Plata*] are required to implement various systemic changes such as increasing medical staff . . . individual inmates [are not required] to seek injunctive relief related to *individual* medical treatment care through [the Plata stipulation's] provisions." *Pride*, 719 F.3d at 1136 (emphasis added). Plaintiff requests: "(1) notification of inmates at [CSP] of the presence; signs and symptoms of Valley Fever and (2) implementation of appropriate preventative measures to protect inmates from exposure to [valley fever]." (Case No. 3:01-cv-01351 ECF No. 68 at 21).

Whether Plaintiff's request for injunctive relief is duplicative of the *Plata* action turns on whether his request for relief is systemic or individual. *Pride*, 719 F.3d at 1137-38 (stating where "a claim for injunctive relief relates solely to [Plaintiff's] individuals need and treatment," then that claim is not duplicative of the *Plata* action and can proceed separately). The Court in *Pride* defined systemic injunctive

1 relief related to medical care as relief applicable to inmates generally as
2 distinguishable from relief applicable solely to the plaintiff, and stated
3 such systemic injunctive relief is barred as duplicative of the *Plata*
4 action. *Id* at 1137.

5     Plaintiff seeks relief on behalf of all CSP African-American
6 inmates, including himself, through the implementation of measures
7 that would apply generally to CSP as a whole. (Case No. 3:01-cv-01351
8 ECF No. 68 at 21). Plaintiff does not allege the relief he seeks applies
9 to only himself or his individual medical needs. Rather, Plaintiff seeks
10 systemic injunctive relief on behalf of CDCR prison inmates
11 *generally*—the type of systemic relief the Court in *Pride* deemed
12 impermissible as duplicative of the *Plata* action. *Pride*, 719 F.3d at
13 1137-38.

14     "A district court may decline to exercise its jurisdiction over a
15 California prisoner's claim seeking *systemic* injunctive relief related to
16 medical care where the allegations and relief sought are duplicative of
17 *Plata*." *Id.* at 1137 (emphasis in original). Plaintiff cannot separately
18 pursue a class claim because his claim for systemic injunctive relief is
19 addressed in the *Plata* action. *Crawford v. Bell*, 599 F.2d 890, 893 (9th

1  Cir. 1979).  The *Plata* class claims and Plaintiff's claim share a common
2  issue of fact: systemic deficient medical care at CDCR facilities.  (Case
3  No. 3:01-cv-01351 ECF No. 20; Case No. 3:05-cv-01774 ECF No. 68).  If
4  the Court grants Plaintiff's request for relief, it could create
5  inconsistent adjudications regarding how relief is implemented in
6  California prisons.  *Pride*, 719 F.3d at 1137 (stating court should decline
7  jurisdiction if there is risk of inconsistent adjudications on same
8  claims).  Judicial efficiency warrants litigation in one forum because
9  "another court [with] jurisdiction over the same matter has entertained
10 it and can achieve the same result."  *Crawford*, 599 F.2d at 893.  The
11 Northern District of California is the most sensible forum because the
12 district court in San Francisco has exercised jurisdiction over the *Plata*
13 action since its filing in 2001.  *See generally Plata v. Brown*, Case No.
14 3:01-cv-01351 (N.D. Cal. Apr. 5, 2001).
15     Following the Ninth Circuit's reasoning in *Pride*, this Court finds
16 Plaintiff's class claim seeking systemic injunctive relief duplicative of

1 the *Plata* action and the Court recommends declining jurisdiction and
2 dismissing Plaintiff's class claim.[2] *Pride*, 719 F.3d at 1137.
3       Accordingly, the Court **RECOMMENDS** Defendants' Motion to
4 Dismiss Plaintiff's second cause of action be **GRANTED**.  As a
5 consequence of dismissing Plaintiff's second claim, Defendants
6 Montgomery, Brown and Beard are **DISMISSED**.  The first, third and
7 fourth claims for individual relief against Defendants Garcia, Dupler
8 and Irvin remain pending.[3]
9       The record does not reflect whether Defendants sent Plaintiff's
10 Complaint to *Plata*'s counsel as required by the *Plata* stipulation.  (Case
11 No. 3:01-cv-01351 ECF No. 68 ¶ 29 (requiring defense counsel in any
12 litigation seeking class or systemic relief which raise issues of
13 preclusion and res judicata to send such complaints to *Plata* plaintiffs'

---

[2] Although Plaintiff's class claim is barred, a recent California Superior Court case held that an inmate can sue under the Bane Act, California's civil rights statute, for future medical costs resulting from valley fever infection at a California state prison facility.

[3] Plaintiff's prayer for relief on the first and third causes of action is vague as to whether he is requesting class-wide damages in addition to individual damages.  (Case No. 3:05-cv-01174 ECF No. 68 at 21).  The Court **RECOMMENDS** those claims be **DISMISSED** to the extent Plaintiff is requesting class-wide money damages.  Claims one, three and four survive this Motion to Dismiss to the extent Plaintiff seeks individual relief.

1 counsel)). Accordingly, the Court **RECOMMENDS** the District Judge

2 **ORDER** Defendants to send Plaintiff's Complaint to plaintiffs' counsel

3 in the *Plata* action if they have not done so.

4 **V. CONCLUSION**

5 For the foregoing reasons, **IT IS HEREBY RECOMMENDED**

6 that the District Court issue an Order: (1) Approving and Adopting

7 this Report and Recommendation; (2) **GRANTING** Defendants'

8 Motion to Dismiss Plaintiff's second cause of action and dismissing

9 Defendants Montgomery, Brown and Beard; (3) **DENYING**

10 Defendants' Motion to Dismiss to the extent Plaintiff is seeking

11 individual money damages on his first, third and fourth causes of

12 action; and (4) Directing that judgment be entered dismissing

13 Plaintiff's second cause of action and Defendants Montgomery, Brown

14 and Beard.

15 **IT IS HEREBY ORDERED** that any written objections to this

16 Report must be filed with the Court and served on all parties no later

17 than **August 21, 2015**. The document should be captioned "Objections

18 to Report and Recommendation."

19

1    **IT IS FURTHER ORDERED** that any reply to the objection
2  shall be filed with the Court and served on all parties no later than
3  **August 28, 2015**.  The parties are advised that the failure to file
4  objections within the specified time may waive the right to raise those
5  objections on appeal of the Court's order.  *See Turner v. Duncan*, 158
6  F.3d 449, 455 (9th Cir. 1998).

7

8  **IT IS SO ORDERED.**

9

10  Dated:   July 30, 2015

11  Hon. Mitchell D. Dembin
United States Magistrate Judge